IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REYNA CANALES SANTA MARIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-3996 |
| | § | |
| KEVIN K. MCALEENAN, Secretary of the | § | |
| U.S. Department of Homeland Security, *et al.*,[1] | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

Reyna Canales Santa Maria has sued Kevin K. McAleenan, the Acting Secretary of the United States Department of Homeland Security; Lee Cissna, the Director of United States Citizenship and Immigration Services; and Wallace L. Carroll, the Citizen and Immigration Services Field Office Director for Houston. (Docket Entry No. 1). Santa Maria alleges that Citizenship and Immigration Services improperly dismissed her status-adjustment application for lack of jurisdiction, in violation of the Administrative Procedure Act. (*Id.* at 2–4, 10–14). The defendants have moved to dismiss, arguing that this court lacks subject-matter jurisdiction over Santa Maria's action. Santa Maria responded, and the defendants replied. (Docket Entry Nos. 9–11).[2]

---

[1] The Federal Rules of Civil Procedure state that a government officer's "successor is automatically substituted as a party." FED. R. CIV. P. 25(d). The Acting Secretary Kevin K. McAleenan has been substituted as the defendant in place of former Secretary Kirstjen M. Nielson. Citizen and Immigration Services Field Office Director Wallace L. Carroll is automatically substituted for former Direct Mark T. Siegl.

[2] The defendants' motion for leave to file a reply is granted. (Docket Entry No. 11).

After a careful review of the complaint, motion, response, reply, properly considered documents, and the applicable law, the court dismisses the case, without prejudice, for lack of subject-matter jurisdiction. The reasons are explained in detail below.

I.  **Background**

Santa Maria is a native and citizen of Honduras. (Docket Entry No. 1 at 8). An immigration judge permitted Santa Maria to voluntarily depart the United States in August 1998. (Docket Entry No. 1-1 at 2). When she did not leave, the voluntary departure became a removal order. (*Id.*). Because Santa Maria received temporary protected status as a Honduras national, (Docket Entry No. 1 at 8–9); 83 Fed. Reg. 26074 (June 5, 2018), she could not be removed, 8 U.S.C. § 1254a(a)(1)(A); 8 C.F.R. § 244.10(f)(2)(i).

Citizenship and Immigration Services authorized Santa Maria to depart the United States on advance parole, meaning that she could return to seek an adjustment of status. *Matter of Manohar Rao Arrabally*, 25 I. & N. Dec. 771, 777 (BIA 2012) ("Advance parole can be requested from abroad or at a port of entry, but typically it is sought by an alien who is already inside the United States and who wants to leave temporarily but fears that he will either be excluded as an inadmissible alien upon return or be deemed to have abandoned a pending application for an immigration benefit."). Santa Maria left the United States and returned in April 2016. (Docket Entry No. 1 at 9).

In September 2017, Santa Maria filed an application with Citizenship and Immigration Services to register permanent residence or to adjust status. (Docket Entry No. 1-1 at 2). In May 2018, Citizenship and Immigration Services administratively closed her application because it lacked jurisdiction. (*Id.*). The decision stated:

> [Citizenship and Immigration Services] reviewed your administrative file . . . and determined that an Immigration Judge granted you voluntary departure on August 21, 1998. Since you did not leave, this became an order of removal. It does not appear that the removal proceedings against you have been terminated. . . . Although you were paroled into the United States on April 7, 2019, pursuant to Form I-512 issued to you based on Temporary Protected Status (TPS), you are considered upon return to be in the status you held at the time of departure, in your case an alien with an outstanding deportation order. . . .
>
> Because [Citizenship and Immigration Services] lacks jurisdiction to adjudicate your Form I-485, it is administratively closed. However, this does not prevent you from seeking adjustment before [the Executive Office for Immigration Review].

(*Id.* at 2–3).

Santa Maria sued the heads of the Department of Homeland Security and of Citizenship and Immigration Services, arguing that the decision to close her application for lack of jurisdiction was arbitrary, capricious, or contrary to the law. (Docket Entry No. 1 at 10 (citing 5 U.S.C. § 706(2)(A)). Santa Maria alleges that she was an "arriving alien" and that this status gave Citizenship and Immigration Services jurisdiction over her application. (*Id.* at 10–14).

The defendants have moved to dismiss, arguing that the Immigration Nationality Act strips the court of jurisdiction over suits challenging removal orders and that Santa Maria's action does "nothing more than" challenge her removal order. (Docket Entry No. 9 at 5). Santa Maria responded, conceding that the Act prevents "an alien from attacking, or challenging the validity of, his or her final order of removal in a federal district court," but arguing that her complaint is not "inextricably linked" to her removal order because she complied with the removal order when she left the United States on advance parole, and because she challenges Citizen and Immigration Service's jurisdictional decision, not the removal order or the application merits. (Docket Entry No. 10 at 2–6).

The parties' arguments are examined below.

## II.    Legal Standard

Rule 12(b)(1) governs challenges to a federal court's subject-matter jurisdiction. "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation omitted). Courts may dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986).

The plaintiff has the burden to demonstrate that subject-matter jurisdiction exists. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of a plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quotation omitted); *see Clark*, 798 F.2d at 741. The court may consider matters outside the pleadings, such as testimony and affidavits, to resolve a factual challenge to subject-matter jurisdiction, without converting the motion to dismiss to one for summary judgment. *Garcia*, 104 F.3d at 1261.

## III.   Analysis

Under the Immigration and Nationality Act, the "sole and exclusive means for judicial review of an order of removal" is a "petition for review filed with an appropriate court of appeals." 8 U.S.C. § 1252(a)(5). The Act "strips a district court's jurisdiction to hear direct or indirect challenges attacking an immigration judge's final order of removal." *Isaula v. Nielson*, No. H-18-

2992, 2019 WL 93307, at *3 (S.D. Tex. Jan. 3, 2019) (citing 8 U.S.C. § 1252(a)(5), (b)(9)). "Aliens subject to orders of removal may only seek adjustment of status by filing a motion to reopen removal proceedings with an immigration judge, and any subsequent challenge may be brought via petition for review of the final removal order." *Akinmulero v. Holder*, 347 F. App'x 58, 61 (5th Cir. 2009). "'When a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is inextricably linked to the order of removal,' the federal district court lacks subject-matter jurisdiction." *Isaula*, 2019 WL 93307, at *3 (quoting *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012)); *see Chen v. Rodriguez*, 200 F. Supp. 3d 174, 181 (D.D.C. 2016).

Santa Maria argues that her challenge is to the Citizenship and Immigration Service's determination that it lacked jurisdiction to decide her status-adjustment application, not to the removal order. She asserts that when she left, the United States executed the removal order.[3] This court has rejected these arguments in a similar case. *See Isaula*, 2019 WL 93307, at *3 ("Because [Citizenship and Immigration Services's] decision to close Isaula's status-adjustment application is based on the removal order against him, his challenge to that decision is 'inextricably linked' to the agency's procedural or substantive determination relating to that order."); *see also Chen*, 200 F. Supp. 3d at 182 ("Although Plaintiff only 'indirectly challenge[s]' the removal order to which he is subject by framing this case as seeking judicial review of [Citizenship and Immigration Services's] decision to administratively close his adjustment application, he has not persuaded the court that this case is anything other than 'inextricably linked' to the outstanding order of

---

[3] Even assuming that the court has jurisdiction, Santa Maria's argument that her departure from the United States on advance parole executed her removal order has no merit. *See Manohar*, 25 I. & N. Dec. at 780 ("[I]t is well-settled that an alien who leaves the United States and returns under a grant of advance parole is subject to the grounds of inadmissibility once parole is terminated, even if he had been 'deportable' rather than 'inadmissible' before the trip's commencement.").

deportation to which he is subject."). Because Citizenship and Immigration Services administratively closed Santa Maria's application based on the removal order, her challenge is inextricably linked to the removal order's continuing validity. *Martinez*, 704 F.3d at 623; *see Singh v. U.S. Citizenship & Immigration Servs.*, No. 15-CV-1411, 2016 WL 1267796, at *5 (S.D.N.Y. Mar. 30, 2016) ("[T]he 'substance of the relief' Singh seeks necessarily impugns the validity of the underlying order of removal and is thus 'inextricably linked' to it." (quotation omitted)). This court lacks subject-matter jurisdiction to entertain even an indirect challenge to a removal order. *See Martinez*, 704 F.3d at 622; *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011); *Estrada v. Holder*, 604 F.3d 402, 408 (7th Cir. 2010); *Chen*, 200 F. Supp. 3d at 181; *cf. Cardoso v. Reno*, 216 F.3d 512, 516 (5th Cir. 2000).

**IV.    Conclusion**

The defendants' motion for leave to file a reply is granted. (Docket Entry No. 11). Because the court lacks subject-matter jurisdiction, the defendants' motion to dismiss is granted. (Docket Entry No. 9). An order of dismissal is separately entered.

SIGNED on May 15, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge